**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRIS POOLE, et al., : <br><br>  Plaintiffs, : <br><br> v. : <br><br> CAPE MAY COUNTY : <br> CORRECTIONAL FACILITY, et al, : <br><br>  Defendants. : | Civil Case No.: 07-2594 (RBK) <br><br><br> **O P I N I O N** |

**APPEARANCES:**

  **Alvin Moore, # 21346, Pro Se**
  **Lonnie Taylor, # 39972, Pro Se**
  Cape May Correctional Center
  4 Moore Road
  Cape May Courthouse
  Cape May, NJ 08210

  **Frank Tobin, # 579829, Pro Se**
  Garden State Youth Correctional Facility
  Highbridge Road
  P.O. Box 11401
  Yardville, NJ 08620

**KUGLER**, District Judge

Plaintiffs were confined at the Cape May Correctional Center, Cape May, New Jersey at the time they submitted this complaint. They have submitted this Complaint under 42 U.S.C. § 1983, and have asked the Court to allow them to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. On June 18, 2007, this Court administratively terminated this case because Plaintiffs did not provide complete IFP applications. The Court

granted Plaintiffs time to submit completed IFP applications. The Plaintiffs listed above, namely, Alvin Moore, Lonnie Taylor, and Frank Tobin, have submitted completed IFP applications. The remaining plaintiffs, namely Chris Poole, Jamie K. Hayes, and Kyle Krider have not done so.

At this point, the Court must determine whether Federal Rule of Civil Procedure 20 authorizes the joinder of these claims by the remaining three plaintiffs and, if so, how to assess the filing fee required under 28 U.S.C. § 1915(b).

## BACKGROUND

Plaintiffs seek to sue the "Cape May County Correctional Facility Armark Food Company of Jail" and the Nurses' Staff in the Jail's medical department. They state that on May 4, 2007, after dinner was served, the inmates started to complain of upset stomach, vomiting, diarrhea, fatigue, and headaches. By May 5, 2007, they realized they had food poisoning. Some/All of the inmates were treated with Pepto-Bismol for their stomach pain, but were not further treated, were not taken to the hospital, and stool sample testing was delayed. Inmates had previously complained about the quality of the food through the grievance process. Plaintiffs ask for monetary relief.

## ANALYSIS

Title 28 of the United States Code, section 1915 governs proceedings in forma pauperis and imposes special limitations

with respect to in forma pauperis actions brought by prisoners. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied.  See Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining

3

in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. See id. at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. April 12, 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. Jan. 30, 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233 at *4.

This Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-

4

prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2). First, it is unclear whether or not Plaintiffs were pretrial detainees, convicted but not sentenced, or convicted prisoners at the time of the alleged violation of their rights. Second, the adequacy of the claim alleged by each Plaintiff is dependent upon his individual need and the behavior of prison officials with respect to that individual Plaintiff. Plaintiffs assert medical care and conditions of confinement claims that require individualized pleadings. Third, joinder of their claims would permit all Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed. For all of the foregoing reasons, joinder is not appropriate.

## CONCLUSION

For the reasons set forth herein, this Court finds that joinder of the remaining Plaintiffs' claims under Rule 20 is not suitable. An appropriate Order follows directing the Clerk of the Court to terminate this action, open a new case for each Plaintiff, and file that Plaintiff's IFP application in their new case.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

DATED: October 5, 2007